******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* HERBERT CLARK
(SC 19041)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Vertefeuille, Js.

*Argued September 17—officially released November 18, 2014*

*Richard E. Condon, Jr.*, senior assistant public defender, for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Brett J. Salafia*, senior assistant state's attorney, for

the appellee (state).

*Opinion*

PER CURIAM. Following our grant of certification,[1] the defendant, Herbert Clark, appeals from the judgment of the Appellate Court, which affirmed his conviction of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). *State* v. *Clark*, 137 Conn. App. 203, 204, 215, 48 A.3d 135 (2012). The defendant claims that the Appellate Court incorrectly concluded that the improper admission of four prior felony convictions to impeach his credibility constituted harmless error. We disagree and, accordingly, affirm the judgment of the Appellate Court.

The following facts, which the jury reasonably could have found, and procedural history are set forth in the opinion of the Appellate Court. "On the night of October 4, 2008, the victim, Jacqueline Hauter, went to Evey's Sports Café (bar) in [the city of] New Britain. While the victim talked with her friend, Evelyn Pawlina, the defendant approached and engaged Pawlina, whom he knew, in small talk during which Pawlina introduced the victim to the defendant. At some point during their conversation, the defendant brought up Pawlina's pending divorce, which Pawlina indicated she did not want to discuss. During this exchange between Pawlina and the defendant, the victim intervened, telling the defendant to leave Pawlina alone. When the defendant did not stop speaking with Pawlina, the victim began to curse at the defendant, and an argument between the two ensued. At some point during the verbal exchange, the defendant struck the victim in the face with a beer bottle, causing her to fall to the floor. The defendant immediately left the bar as a number of patrons rushed to the aid of the victim. Within [about] ten minutes, the police and paramedics arrived at the bar." Id., 204–205.

"The paramedics briefly attended to the victim . . . before she was transported to Hartford Hospital (hospital). According to Bradley Dreifuss, a physician who treated the victim at the hospital, the victim was struck with such force that two of her front teeth became embedded in her upper lip, and she suffered a laceration to her neck. Dreifuss indicated that he required the assistance of [an oral and] maxillofacial surgeon . . . to extract the victim's upper lip from her teeth and to suture the wound. The victim was released from the hospital the next day." Id., 205.

The defendant subsequently was arrested and charged with assault in the first degree in violation of § 53a-59 (a) (1), and assault in the first degree in violation of § 53a-59 (a) (2). Prior to trial, the state indicated that it intended to impeach the defendant's credibility with five prior felony convictions: "(1) a 1990 conviction for possession of narcotics, (2) a 1993 conviction for the sale of illegal drugs, (3) a 1993 conviction for assault in the second degree, (4) a 1993 conviction for having

a weapon in a correctional institution and (5) a 1997 conviction for possession of narcotics." Id., 207. The defendant filed a motion in limine, seeking to preclude the admission of all except the 1997 conviction, but "the court ruled that the state would be permitted to impeach the defendant's testimony by eliciting evidence of his prior five convictions as unnamed felonies. Thereafter, the defendant testified at trial that he was convicted of five unspecified felonies, and he provided the calendar year of each conviction." Id. After a jury trial, the jury found the defendant not guilty of assault in the first degree in violation of § 53a-59 (a) (2) but guilty of assault in the first degree in violation of § 53a-59 (a) (1). The trial court rendered judgment in accordance with the jury's verdict and sentenced the defendant to a term of imprisonment of twenty years.

The defendant appealed to the Appellate Court, claiming, inter alia, "that the [trial] court [had] abused its discretion in denying his motion in limine . . . because the four felonies at issue were more than ten years old and did not bear directly on his veracity."[2] Id., 206. The Appellate Court agreed with the defendant that the admission of the four prior felony convictions constituted an abuse of discretion but ultimately concluded that the impropriety was harmless. See id., 211, 213. In addressing the defendant's claim, the Appellate Court first observed that, pursuant to § 6-7 (a) of the Connecticut Code of Evidence,[3] "three factors . . . determine whether a prior conviction may be admitted [to impeach a witness' credibility]: (1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime in indicating untruthfulness; and (3) its remoteness in time." (Internal quotation marks omitted.) Id., 208. Applying these factors to the present case, the Appellate Court concluded, as to the first factor, that "the danger of unfair prejudice is far greater when the accused is the witness in question because . . . the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence." (Internal quotation marks omitted.) Id., 210. With respect to the second factor, the Appellate Court determined that "none of the [felony convictions at issue] bears any special relationship or direct nexus to the defendant's credibility." Id. As to the third factor, the Appellate Court noted that it is "rare" for a felony conviction that is more than ten years old "[to retain] the minimal probative value sufficient to overcome its prejudice. . . . Thus . . . any probative value the prior felony convictions . . . may have had for the purposes of impeachment was significantly devalued by the passage of substantially more than one decade since their occurrence."[4] (Citation omitted; internal quotation marks omitted.) Id., 210–11. In light of the foregoing analysis, the Appellate Court concluded that the trial court had abused its discretion in permitting the state to use the

four prior felony convictions to impeach the defendant's credibility. Id., 211.

Turning to the question of harm, the Appellate Court first observed that, in order "[t]o establish that [the defendant] is entitled to a new trial, [he] must show . . . that the court's ruling caused him substantial prejudice."[5] Id. The Appellate Court determined that "the state's case against the defendant was strong and largely uncontested . . . [and] a substantial portion of the defendant's testimony corroborated the accounts given by witnesses for the state." Id., 212. Specifically, the Appellate Court noted that "the only material variance between the victim's testimony and the defendant's as to the operative facts of the assault is [the victim's] claim that [the defendant] struck her twice, once in the mouth and again on the side of her [neck][6] with a bottle and the defendant's claim that he struck her once with his fist only . . . ."[7] (Footnote added.) Id. The Appellate Court further noted that Pawlina and Ann Marie Degnan, who were present at the bar at the time of the assault, both gave written statements to police, which were admitted as substantive evidence pursuant to *State* v. *Whelan*, 200 Conn. 743, 753, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986), and which corroborated the victim's testimony that the defendant hit the victim with a beer bottle.[8] *State* v. *Clark*, supra, 137 Conn. App. 212–13 and n.8. Finally, the Appellate Court observed that the jury found the defendant not guilty "of the charge of assault in the first degree causing permanent disfigurement despite testimony from [Dreifuss] and the victim that the victim suffered sufficient wounds to require [sutures in] both . . . her neck and mouth. Thus, contrary to the defendant's contentions, it is evident that the jury was discerning in its assessment of the state's claims and that it was not . . . disposed to find him guilty on the ground that he had prior felony convictions." (Footnote omitted.) Id., 213. Accordingly, the Appellate Court concluded that the defendant had not met his burden of demonstrating that the impropriety was harmful. Id.

We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that the admission of the defendant's record of prior convictions constituted harmless error?" *State* v. *Clark*, 307 Conn. 915, 54 A.3d 179 (2012). After examining the record and briefs and considering the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. Because the Appellate Court's opinion fully and capably addresses the certified issue, it would serve no useful purpose for us to repeat the discussion contained therein.

The judgment of the Appellate Court is affirmed.

[1] See *State* v. *Clark*, 307 Conn. 915, 54 A.3d 179 (2012).

[2] The defendant also claimed that the trial court improperly issued a

standing criminal restraining order against him. The Appellate Court agreed with the defendant and, accordingly, directed the trial court to vacate that order. See *State* v. *Clark*, supra, 137 Conn. App. 215. That issue is not before us in this appeal.

[3] Section 6-7 (a) of the Connecticut Code of Evidence provides: "General rule. For the purpose of impeaching the credibility of a witness, evidence that a witness has been convicted of a crime is admissible if the crime was punishable by imprisonment for more than one year. In determining whether to admit evidence of a conviction, the court shall consider:

"(1) the extent of the prejudice likely to arise,

"(2) the significance of the particular crime in indicating untruthfulness, and

"(3) the remoteness in time of the conviction."

[4] We note, with respect to the third factor, that the Appellate Court also observed that this court has "sanctioned a general guideline for the determination of remoteness that parallels rule 609 (b) of the Federal Rules of Evidence. Rule 609 (b) establishes a ten year limitation from conviction or release from resulting confinement [on] the use of the conviction for impeachment purposes . . . ." (Footnote omitted; internal quotation marks omitted.) *State* v. *Clark*, supra, 137 Conn. App. 208–209.

Rule 609 of the Federal Rules of Evidence provides in relevant part: "(b) Limit on Using the Evidence After 10 Years. This subdivision . . . applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

"(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

"(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. . . ."

In *Label Systems Corp.* v. *Aghamohammadi*, 270 Conn. 291, 852 A.2d 703 (2004), however, we clarified that, in contrast to rule 609 (b) of the Federal Rules of Evidence, § 6-7 (a) of the Connecticut Code of Evidence does not condition the admissibility of a conviction that is more than ten years old on a determination that the probative value of the conviction "substantially outweighs" its prejudicial effect. (Internal quotation marks omitted.) Id., 313. Rather, all convictions offered for impeachment purposes are subject to the three part balancing test set forth in § 6-7 (a). See id. In the present case, however, it is clear that the Appellate Court properly analyzed the convictions under the three part balancing test of § 6-7 (a). See *State* v. *Clark*, supra, 137 Conn. App. 208–11.

[5] In *State* v. *Sawyer*, 279 Conn. 331, 904 A.2d 101 (2006), overruled in part on other grounds by *State* v. *DeJesus*, 288 Conn. 418, 953 A.2d 45 (2008), we clarified that "a nonconstitutional error is harmless when an appellate court has a fair assurance that the error did not substantially affect the verdict." (Internal quotation marks omitted.) Id., 357. In the present case, although the "substantial prejudice" language quoted by the Appellate Court is taken from pre-*Sawyer* case law; *State* v. *Clark*, supra, 137 Conn. App. 211; the court's analysis is nevertheless consistent with the fair assurance test now applied for purposes of appellate review in this state. See id., 211–13.

[6] The opinion of the Appellate Court indicates that the victim testified that the defendant struck her "in the mouth and again on the side of her head . . . ." *State* v. *Clark*, supra, 137 Conn. App. 212. The victim, however, testified that the defendant first struck her in the mouth, breaking the bottle, and then struck her in the neck with the broken bottle.

[7] The defendant also testified that the victim lunged at him while he was holding a bottle of beer, and that he shielded himself with his hands, suggesting that he accidentally cut the victim's neck with an unbroken bottle. Although the Appellate Court did not expressly address the defendant's argument that the admission of the prior felony convictions was harmful because his credibility was essential to the central issue of whether he intended to cause the victim serious physical injury, the evidence presented at trial rendered this claim entirely implausible. Dreifuss, the physician who treated the victim at the hospital, testified that the laceration on the victim's neck was consistent with having been caused by a glass bottle, and pieces of material consistent with glass were recovered from the laceration. The defendant's suggestion that he caused such a laceration with an unbroken glass bottle strains credulity. Additionally, the defendant hit the victim in the face with such force that, according to Dreifuss, the victim's teeth were so deeply embedded into her lip that she could not open her mouth, and

an oral and maxillofacial surgeon had to extract her teeth from her lip. In light of this uncontested evidence, the defendant could not reasonably expect a jury to credit his testimony that he did not intend to cause the victim serious physical injury.

[8] "At trial . . . Pawlina testified that she did not recall the victim being hit in the face or getting cut on her neck. Likewise, Degnan testified that she did not see the defendant hit the victim. Both Degnan's and Pawlina's statements were admitted as substantive evidence [at] trial pursuant to *State* v. *Whelan*, [supra, 200 Conn. 753]." *State* v. *Clark*, supra, 137 Conn. App. 213 n.8.